IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-cr-00291-01-GAF |
| | ) | |
| ANDRE TAYLOR, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION IN LIMINE REGARDING GOVERNMENT'S NOTICE OF ITS INTENT TO OFFER RULE 404(b) EVIDENCE

**COMES NOW**, the Defendant, Andre Taylor, by and through his counsel, Alex McCauley, and respectfully moves this Honorable Court to issue an Order precluding the Government from presenting specific evidence of other crimes to the jury pursuant to Fed. R. Evid., Rule 404(b). In support thereof, Counsel for the Defendant states to the Court as follows:

### CHARGES

The government charged, on February 25, 2014, twenty (20) defendants in a ten (10) count Second Superseding Indictment with participating in a conspiracy to distribute powder cocaine and marijuana as well as aiding and abetting the distribution of powder cocaine, allegedly commencing on or about February 1, 2010 through February 2014. Defendant Taylor is also charged with conspiracy to commit murder for hire, and possessing a machine gun in furtherance of a crime of violence.

## ARGUMENTS

The Government has filed Notice of Intent to Use Rule 404(b) Evidence (Doc. 417) and has listed prior convictions outside the charged period of this case which were separate events not connected to the charged conspiracy.

The government seeks to introduce evidence of two prior convictions more than 10 years old in its case in chief. Generally under Fed. Rule. Evid., Rule 609, "A prior conviction in a criminal case is usually not admissible against a defendant unless he testifies." Robert E. Larsen, <u>Navigating the Federal Trial</u>, Page 644, (2010 Edition). However, this is proposed by the government to be offered under Fed. R. Evid., Rule 404(b). Whether to allow this type of evidence is often debated. "Most frequently, the debate on admissibility of Rule 404(b) evidence focuses on whether the proffered evidence is really relevant to prove "motive, opportunity, intent, preparation, plan, identity or the absence of mistake or accident," or merely a subterfuge to surreptitiously sneak inadmissible character evidence into the case through a "back door"". Robert E. Larsen, <u>Navigating the Federal Trial</u>, Page 867, (2010 Edition).

This case has a plethora of law enforcement witnesses, cooperators, surveillance photos, and hundreds of intercepted telephone calls, all of which are reportedly within the charged periods of the indictment, so any evidence outside the period or uncharged within the period would only confuse and potentially inflame or prejudice a jury.

In addition, the government intends to call a Task Force Officer to summarize six controlled buys that appear to have been made by a cooperating individual. The cooperating individual is not being called and this testimonial evidence in a summary

fashion by someone with no personal knowledge would violate the confrontation clause as explained in *Crawford v. Washington*, 541 U.S. 36 (2004).

The Social Security benefits evidence are apparently only offered to inflame the jury as this is not an element of the crimes charged nor support any element in the charged counts.

The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

To be admissible under Rule 404(b), the evidence musts be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in its prejudicial effect; and (4) similar in kind and close in time to the crime charged. United States v. Gipson, 446 F.3d 828; 2006 U.S.App. LEXIS 11040 (8th Cir. 2006) citing; United States v. Vieth, 397 F.3d 615, 617-18 (8th Cir. 2005); *See also* Fed. R. Evid. 403.

Under Rule 403, evidence that is relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by consideration of undue delay, waste of time or needless presentation of cumulative evidence.

Courts viewing the issue have weighed the evidence balancing the probative value against any damage of unfair prejudice in arriving at the decision to allow 404(b) evidence. United States v. Foster, 344 F.3d 799; 2003 U.S. App. LEXIS 19594; (8th Cir. 2003).

The proposed 404(b) evidence must have a special relevance to an issue in the case and must not include "bad character or propensity" as a necessary link in the inferential chain. Assuming that other tests for admissibility are satisfied, evidence of a prior crime pursuant to Rule 404(b) should be excluded when its sole relevance goes to the character of the defendant. See United States v. Foster, 344 F.3d 799; 2003 U.S. App. LEXIS 19594; (8th Cir. 2003); citing United States v. Jackson, 278 F.3d 769, 771 (8th Cir. 2002).

**WHEREFORE**, the Defendant respectfully urges this Honorable Court to issue an Order precluding the Government from offering evidence of other crimes, for the reasons specified, and limit the scope of testimony and evidence to the time frame and conduct as alleged in the indictment, pursuant to Fed. R. Evid., Rules 404(b) and 403, because the effect would be more prejudicial than probative.

Respectfully submitted,

s/ Alex S. McCauley
Alex McCauley, MO Bar No. 52632
McCAULEY LAW FIRM, LLC
11730 W. 135th St., #204
Overland Park, Kansas 66221
(913) 744-4333 Office
(913) 730-5424 Fax
alexsmccauley@gmail.com
ATTORNEY FOR DEFENDANT

-5-

Certificate of Service

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Court on August 26, 2014 by using the CM/ECF system, which will send a notice of electronic filing to all Counsel of Record.

                                  s/ Alex S. McCauley
                                  Alex McCauley, MO Bar No. 52632