**N THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                        Case No. 13-00291-01-CR-W-GAF

ANDRE TAYLOR,

      Defendant.

## **JURY INSTRUCTIONS**

INSTRUCTION NO. _____

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against the defendant, Andre Taylor, by the United States Government.

Defendant Andre Taylor is charged in Count One with conspiring to distribute powder cocaine and marijuana; in Counts Five and Six with aiding and abetting distribution of powder cocaine; in Count Eight with conspiring to commit murder for hire; and Count Nine with possessing a machinegun in furtherance of a crime of violence.

Those charges are set forth in what is called an indictment, which I will now summarize for you. The Indictment alleges in Count One that between February 1, 2010 and February 25, 2014 defendant Andre Taylor with William Brown, Victor Vickers and others participated in a conspiracy to distribute 1,000 kilograms or more of marijuana and five (5) kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The Indictment alleges in Count Five that on or about January 5, 2012 defendant Andre Taylor and another aided and abetted each other and others to distribute powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The Indictment alleges in Count Six that on or about January 25, 2012 defendant Andre Taylor and another aided and abetted each other and others to distribute powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The Indictment alleges in Count Eight that between on or about August 14, 2012 and August 21,

2

2012 defendant Andre Taylor, Eric Union and others participated in a conspiracy to travel in interstate commerce with the intent to commit murder, did use a communication facility to discuss, plan and arrange said murder, in violation of the laws of the state of Missouri, as consideration for the receipt of, and as consideration for a promise and agreement to pay, things of pecuniary value, to wit: $10,000 in United States currency, contrary to the provisions in 18 U.S.C. § 1958. The Indictment alleges in Count Nine that on or about August 21, 2012 defendant Andre Taylor and another, in furtherance of a crime of violence, to wit: Conspiracy to Commit Murder for Hire, as alleged in Count Eight, possessed a firearm, to wit: a .45 ACP M10-type machinegun, as defined in 26 U.S.C. § 5845(b), contrary to the provisions of 18 U.S.C. §§ 924(c)(1)(B)(ii).

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 3 of 51

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Defendant Andre Taylor Instruction 1

SOURCE: 8th Circuit Model Jury Instructions No. 1.01 (2014), Nature of the Case

INSTRUCTION NO. _____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

*One*, statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

*Two*, objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

*Three*, testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

*Four*, anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

5

makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Defendant Andre Taylor Instruction 2

SOURCE: 8th Circuit Model Jury Instructions No. 1.03 (2014), Evidence, Limitations

INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Defendant Andre Taylor Instruction 3

SOURCE: 8th Circuit Model Jury Instructions No. 1.05 (2014), Credibility of Witnesses

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Defendant Andre Taylor Instruction 4

SOURCE: 8th Circuit Model Jury Instructions No. 1.06A (2014), Note-taking

INSTRUCTION NO. _____

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Defendant Andre Taylor Instruction 5

SOURCE: 8th Circuit Model Jury Instructions No. 1.07 (2014), Bench Conferences, Recesses

INSTRUCTION NO. _____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the Courtroom Deputy.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride in the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, co-workers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or

10

anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if

there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Defendant Andre Taylor Instruction 6

SOURCE: 8th Circuit Model Jury Instructions No.1.08 (2014), Conduct of the Jury

INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement. Next the defendant's attorneys may, but do not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence and counsel for defendant may cross-examine. Following the Government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If defendant calls witnesses, the Government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Defendant Andre Taylor Instruction 7

SOURCE: 8th Circuit Model Jury Instructions No. 1.09 (2014), Outline of Trial

13

INSTRUCTION NO. _____

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Defendant Andre Taylor Instruction 8

SOURCE: 8th Circuit Model Jury Instructions No. 2.01 (2014), Duties of the Jury – Recesses

14

INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Defendant Andre Taylor Instruction 9

SOURCE: 8th Circuit Model Jury Instructions No. 3.01 (2014), Introduction

INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Defendant Andre Taylor Instruction 10

SOURCE: 8th Circuit Model Jury Instructions No. 3.02 (2014), Duty of Jury

16

INSTRUCTION NO. _____

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated -- this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

*One*, statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

*Two*, objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

*Three*, testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

*Four*, anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Defendant Andre Taylor Instruction 11

SOURCE: 8th Circuit Model Jury Instructions No. 3.03 (2014), Evidence, Limitations

17

INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact, or only a small detail.

Defendant Andre Taylor Instruction 12

SOURCE: 8th Circuit Model Jury Instructions No. 3.04 (2014), Credibility of Witnesses

INSTRUCTION NO. _____

You have heard that the witnesses, William Brown, Robert E. Clark, Kenneth Vaughn Cooper, Dominic N. Hayes, Daniel Howard, Joshua Hudspeth, Keith Jones, Ruben Machiche, Marlon Minton, Ronal D. Reynolds, Allen Sanchez, Darryl Taylor, Robert Taylor, and Bryant Willis were once convicted of a crime.  You may use that evidence only to help you decide whether to believe the witness and how much weight to give his/her testimony.

Defendant Andre Taylor Instruction 13

SOURCE: 8th Circuit Model Jury Instructions No. 2.18 (2014), Impeachment of Witness – Prior Conviction

19

INSTRUCTION NO. _____

You have heard evidence that William Brown, Robert E. Clark, Kenneth Vaughn Cooper, Dominic N. Hayes, Daniel Howard, Joshua Hudspeth, Keith Jones, Ruben Machiche, Marlon Minton, Ronal D. Reynolds, Allen Sanchez, Darryl Taylor, Robert Taylor, and Bryant Willis have made plea agreements with the Government. Their testimony was received in evidence and may be considered by you. You may give the testimony of these witnesses such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreements is for you to determine.

The witness's guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

Defendant Andre Taylor Instruction 14

SOURCE: 8th Circuit Model Jury Instructions No. 4.04, Testimony under Grant of Immunity or Plea Bargain

INSTRUCTION NO. _____

You have heard evidence that William Brown, Robert E. Clark, Kenneth Vaughn Cooper, Dominic N. Hayes, Daniel Howard, Joshua Hudspeth, Keith Jones, Ruben Machiche, Marlon Minton, Ronal D. Reynolds, Allen Sanchez, Darryl Taylor, Robert Taylor, and Bryant Willis hopes to receive a more lenient sentence on criminal charges pending against them and/or a reduction of a sentence already received in return for his cooperation with the government in this case. Demario Mormon has entered into an individual agreement with United States Attorney's Office, which provides that, in return for his assistance, the Government will recommend a less severe sentence for the crimes with which he is charged.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by their hope of receiving a more lenient sentence is for you to decide.

Defendant Andre Taylor Instruction 15

SOURCE: 8th Circuit Model Jury Instructions 4.05B (2014), Credibility – Cooperating Witness

21

INSTRUCTION NO. _____

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Defendant Andre Taylor Instruction 16

SOURCE: 8th Circuit Model Jury Instruction 4.10 (2014), Opinion Evidence, Expert Witness

INSTRUCTION NO. _____

The Indictment in this case charges the defendants with five different crimes.

Count One charges that defendants Andre Taylor, William E. Brown, and Victor Vickers committed the crime of conspiracy to distribute powder cocaine and marijuana.

Counts Five and Six charge that defendant Andre Taylor committed the crime of aiding and abetting distribution of powder cocaine.

Count Eight charges that defendants Andre Taylor and Eric Union committed the crime of conspiracy to commit murder for hire.

Count Nine charges that defendant Andre Taylor committed the crime of possessing a machinegun in furtherance of a crime of violence.

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

23

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

Defendant Andre Taylor Instruction 17

SOURCE: 8th Circuit Model Jury Instructions No. 3.08 (2014), Description of charges (multiple defendants, multiple charges)

INSTRUCTION NO. _____

If your verdict under Instruction No. ____ [as to any particular defendant charged] [under Count ____] is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict [as to that defendant] on Instruction No. ____, you should record that decision on the verdict form[s] and go on to consider whether [that] defendant is guilty of the crime of (describe lesser-included offense) under this instruction. The crime of (describe lesser-included offense), [a lesser-included offense of the crime charged in [Count ____ of] the Indictment,] has _____ elements, which are:

   *One,* _____;

   *Two,* _____; and

   *Etc.,* _____.

For you to find [a] defendant guilty of this crime [, a lesser-included offense,] [under Count ____], the [government] [prosecution] must prove all of these elements beyond a reasonable doubt [as to that defendant]; otherwise you must find [the] [that particular] defendant not guilty of this crime [,a lesser-included offense,] [under Count ____].

Defendant Andre Taylor Instruction 18

SOURCE: 8th Circuit Model Jury Instruction 3.10 (2014), Lesser-Included Offense

INSTRUCTION NO. _____

You have heard evidence that the defendant
_____ (prior convictions, other crimes, etc.).
You may consider this evidence only if you find it is more likely true than not true.  You decide
that by considering all of the evidence and deciding what evidence is more believable.  This is a
lower standard than proof beyond a reasonable doubt.  If you find this evidence has been proved,
then you may consider it to help you decide whether the defendant had knowledge, intent, or
plan to commit the crime charged in the Indictment.

You should give it the weight and value you believe it is entitled to receive.  If you find
that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed similar acts at other
times, this is not evidence that he committed such an act in this case.  You may not convict a
person simply because you believe he may have committed similar acts at other times.  The
defendant is on trial only for the crime charged, and you may consider the evidence of other acts
only on the issues stated above.

Defendant Andre Taylor Instruction 19

SOURCE: 8th Circuit Model Jury Instructions No. 2.08 (2014), Defendant's prior similar acts,
where introduced to prove an issue other than identity.

26

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Defendant Andre Taylor Instruction 20

SOURCE: 8th Circuit Model Jury Instructions No. 3.11 (2014), Reasonable Doubt

INSTRUCTION NO. _____

It is a crime for two or more people to agree to commit a crime. The crime of Conspiracy as charged in Count One the Indictment, has four elements, which are:

*One*, beginning at least as early as February 1, 2010, and continuing to at least on or about February 25, 2014, in the Western District of Missouri, two or more persons, including Andre Taylor, reached an agreement or came to an understanding to commit distribution of one thousand (1,000) kilograms or more of marijuana and five (5) kilograms or more of powder cocaine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, while the agreement or understanding was in effect, a person or persons who had joined in the agreement or understanding knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement or understanding.

Instruction Nos. (insert instruction numbers) further explain these elements.

The crime of distributing marijuana and powder cocaine as charged in Count One of the Indictment has two elements, which are:

*One*, the defendant intentionally transferred 1,000 kilograms or more of marijuana and 5 kilograms or more of powder cocaine to another; and

*Two*, at the time of the transfer, the defendant knew it was a controlled substance of marijuana and powder cocaine.

28

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of this crime.

Defendant Andre Taylor Instruction 21

SOURCE: 8th Circuit Model Jury Instructions No. 5.06A-1 (2014), 6.21.841B (2014) 3.09 (2014), Conspiracy, Controlled Substances – Distribution, Burden of Proof

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 29 of 51

INSTRUCTION NO. _____

**Element One -**

Element One requires that two or more people reached an agreement to commit the crime of distributing controlled substances of marijuana and powder cocaine in Count One.

The indictment charges a conspiracy to distribute marijuana and powder cocaine. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy.

The agreement between two or more people to commit the crime of distributing marijuana and powder cocaine does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit distribution of a controlled substance of marijuana and powder cocaine, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit distribution of a controlled substance of marijuana and powder cocaine by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 31 of 51

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crime of distributing marijuana and powder cocaine, you should consider the elements of the crime.

You may consider these elements in determining whether the defendant agreed to commit the crime, keeping in mind that this count of the indictment only charges a conspiracy to commit distribution of a controlled substance of marijuana and powder cocaine, and does not charge that crime was committed.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distributing a controlled substance of marijuana and powder cocaine simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such

knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

**Element Four -**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the Government prove that more than one act was done in furtherance of the agreement. It is sufficient if the Government proves *one* such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

Defendant Andre Taylor Instruction 22

SOURCE: 8th Circuit Model Jury Instructions No. 5.06A-2 (2014), Conspiracy: Elements Explained

33

INSTRUCTION NO. _____

A person may also be found guilty of distribution of a controlled substance even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of distribution of a controlled substance.

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed:

(1) have known distribution of powder cocaine was being committed or going to be committed; and

(2) have knowingly acted in some way for the purpose of causing or aiding the commission of distribution of powder cocaine; and

(3) have intended to distribute powder cocaine.

For you to find the defendant guilty of distributing powder cocaine by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the elements of distributing a controlled substance of powder cocaine were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

The crime of distributing powder cocaine as charged in Counts Five and Six of the Indictment has two elements, which are:

*One*, the defendant intentionally transferred powder cocaine to another; and

34

*Two*, at the time of the transfer, the defendant knew it was a controlled substance of powder cocaine.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of this crime.

Defendant Andre Taylor Instruction 23

SOURCE: 8th Circuit Model Jury Instructions No. 5.01 (2014), 6.21.841B (2014) 3.09 (2014), Aiding and Abetting, Controlled Substances – Distribution, Burden of Proof

INSTRUCTION NO. _____

It is a crime for two or more people to agree to commit a crime. The crime of Conspiracy as charged in Count Eight the Indictment, has four elements, which are:

*One*, between on or about August 14, 2012, and August 21, 2012, in the Western District of Missouri, two or more persons, including Andre Taylor, reached an agreement or came to an understanding to commit murder for hire;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, while the agreement or understanding was in effect, a person or persons who had joined in the agreement or understanding knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement or understanding.

Instruction Nos. (insert instruction numbers) further explain these elements.

The Government alleges the defendant Andre Taylor procured the commission of the killing by promise of payment of anything of pecuniary value of $10,000. To establish that the defendant procured the commission of the killing or murder by promise of payment of anything of pecuniary value, the Government must prove, in essence, that the defendant arranged to have someone else commit the offense or assist in committing it. There is no requirement that the Government prove that something of pecuniary value actually changed hands. To "procure commission of the offense" means to obtain it or bring it about. The words "payment or promise of payment" should be given their ordinary, everyday meaning which includes giving or offering

36

compensation in return for services. "Anything of pecuniary value" means anything in the form of money, property, or anything else having some economic value, benefit, or advantage.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of this crime.

Defendant Andre Taylor Instruction 24

SOURCE: 8th Circuit Model Jury Instructions No. 5.06A-1 (2014), 12.07G (2014), 3.09 (2014), Conspiracy, Procurement of Commission of the Offense by Payment of Something of Pecuniary Value, Burden of Proof

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 37 of 51

INSTRUCTION NO. _____

**Element One -**

Element One requires that two or more people reached an agreement to commit the crime of murder for hire in Count Eight.

The Indictment charges a conspiracy to commit murder for hire. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy.

The agreement between two or more people to commit the crime of murder for hire does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 38 of 51

If you have determined that two or more people reached an agreement to commit murder for hire, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit murder for hire by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crime of murder for hire, you should consider the elements of that crime.

You may consider these elements in determining whether the defendant agreed to commit the crime, keeping in mind that this count of the indictment only charges a conspiracy to commit murder for hire, and does not charge that the crime was committed.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of murder for hire simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

**Element Four -**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it.  It makes no difference which of the participants in the agreement did the act.  This is because a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act.  The act may be perfectly innocent in itself.

It is not necessary that the Government prove that more than one act was done in furtherance of the agreement.  It is sufficient if the Government proves *one* such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

Defendant Andre Taylor Instruction 25

SOURCE: 8th Circuit Model Jury Instructions No. 5.06A-2 (2014), Conspiracy:  Elements Explained

41

INSTRUCTION NO. _____

The crime of possessing a firearm in furtherance of a crime of violence as charged in Count Nine of the Indictment has three elements, which are:

*One*, the defendant committed the crime of conspiracy to commit murder for hire; and

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime and;

*Three*, the firearm was a machine gun.

The phrase "in furtherance of" should be given its plain meaning, that is, the act of furthering, advancing, or helping forward. The phrase "in furtherance of" is a requirement that the defendant possess the firearm with the intent that it advance, assist or help commit the crime, not that it actually did so.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of this crime.

Defendant Andre Taylor Instruction 26

SOURCE: 8th Circuit Model Jury Instructions No. 6.18.924C (2014), 3.09 (2014), Firearms – Possession in Furtherance of a Crime of Violence, Burden of Proof

INSTRUCTION NO. _____

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Defendant Andre Taylor Instruction 27

SOURCE: 8th Circuit Model Jury Instructions No. 7.05 (2014), Proof of Intent or Knowledge

INSTRUCTION NO. ___

The Government and the defendant have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated. You must therefore treat those facts as having been proved.

Defendant Andre Taylor Instruction 28

SOURCE: 8th Circuit Model Jury Instructions No. 2.03 (2014), Stipulated Facts

INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Courtroom Deputy, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict whether guilty or not guilty must be unanimous.

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 45 of 51

Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads:

[READ FORM]

You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Defendant Andre Taylor Instruction 29

SOURCE: 8th Circuit Model Jury Instructions No. 3.12 (2014), Election of Foreperson, etc.

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                       Case No. 12-00291-01-CR-W-GAF

ANDRE TAYLOR,

      Defendant.

## <u>VERDICT FORM</u>

We, the jury, find the defendant, ANDRE TAYLOR, _____

                                            [guilty / not guilty]

of the crime of Conspiracy to Distribute 1,000 kilograms or more of Marijuana and 5 kilograms

or more of Powder Cocaine in the Western District of Missouri as charged in Count One of the

Indictment.


_____

FOREPERSON


_____

DATE


Defendant Andre Taylor Instruction 30

SOURCE: 8th Circuit Model Jury Instructions No. 11.01 (2014), General Verdict.

47

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                          Case No. 12-00291-01-CR-W-GAF

ANDRE TAYLOR,

        Defendant.

## **VERDICT FORM**

We, the jury, find the defendant, ANDRE TAYLOR, _____
                                            [guilty / not guilty]

of the crime of Aiding and Abetting the Distribution of Powder Cocaine in the Western District of

Missouri as charged in Count Five of the Indictment.

_____

FOREPERSON

_____

DATE

Defendant Andre Taylor Instruction 31

SOURCE: 8th Circuit Model Jury Instructions No. 11.01 (2014), General Verdict

48

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                        Case No. 12-00291-01-CR-W-GAF

ANDRE TAYLOR,

        Defendant.

## VERDICT FORM

We, the jury, find the defendant, ANDRE TAYLOR, _____

                                        [guilty / not guilty]

of the crime of Aiding and Abetting the Distribution of Powder Cocaine in the Western District of

Missouri as charged in Count Six of the Indictment.



_____
FOREPERSON


_____
DATE




Defendant Andre Taylor Instruction 32

SOURCE: 8th Circuit Model Jury Instructions No. 11.01 (2014), General Verdict

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 49 of 51

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                             Case No. 12-00291-01-CR-W-GAF

ANDRE TAYLOR,

       Defendant.

## **VERDICT FORM**

We, the jury, find the defendant, ANDRE TAYLOR, _____
                                           [guilty / not guilty]

of the crime of Conspiracy to Commit Murder for Hire in the Western District of Missouri as

charged in Count Eight of the Indictment.


_____

FOREPERSON


_____

DATE


Defendant Andre Taylor Instruction 33

SOURCE: 8th Circuit Model Jury Instructions No. 11.01 (2014), General Verdict

50

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                        Case No. 12-00291-01-CR-W-GAF

ANDRE TAYLOR,

      Defendant.

## <u>VERDICT FORM</u>

We, the jury, find the defendant, ANDRE TAYLOR, _____

                                        [guilty / not guilty]

of the crime of Possession of a Firearm, machinegun, in Furtherance of a Crime of Violence in the

Western District of Missouri as charged in Count Nine of the Indictment.


                          _____

                          FOREPERSON


                          _____

                          DATE


Defendant Andre Taylor Instruction 34

SOURCE: 8th Circuit Model Jury Instructions No. 11.01 (2014), General Verdict

Case 4:12-cr-00291-GAF   Document 441   Filed 08/27/14   Page 51 of 51