IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-cr-00291-01-GAF |
| | ) | |
| ANDRE TAYLOR, | ) | |
|     Defendant. | ) | |

## ANDRE TAYLOR'S SUGGESTED VOIR DIRE

**COMES NOW**, ANDRE TAYLOR, by and through counsel, Alex S. McCauley, and hereby submits the following suggested voir dire questions for use in the trial of the instant case.

I will now tell you about the charges brought by the government in what is called an Indictment, so you will have a better idea of what kind of case the jury will hear. You must understand that the government's charges are not evidence in this case, and are not to be considered as tending to show that the defendant did in fact commit the offense charged. The allegations must all be proved by the government beyond a reasonable doubt before the jury could convict the defendant. Without adequate proof, the jury is required to bring a verdict of "not guilty." But simply for your information at this time as a basis for asking you the next questions, I will tell you about the indictment brought by the government.

PLEASE PARAPHRASE THE INDICTMENT

This is a criminal case. Each side – the government and the defendants – are entitled to have a fair trial before an open-minded jury. The process of selecting a jury is premised on finding a fair and impartial group of people to decide this case. In doing that, the Court and the attorneys will ask questions about you, your background, your experiences, and other areas of your life. The Court and the attorneys have the right and duty to find those individuals whose background, experience and responses guarantee the most impartial and unbiased jurors. When asked questions, you should answer the questions completely and truthfully. We do not intend by these questions to pry into your personal affairs or to embarrass you in any way, but it is our duty to seek, and your duty to give, candid answers to all questions. If you have an answer to a question that you would be more comfortable giving here at the bench, you may raise your hand to do so.

To the extent the following information is not indicated on the proposed jury questionnaires or otherwise asked by the Court, defendant requests that the following information be asked or obtained.

1. Personal information:

    a. What is the name, address and age of each prospective juror?

    b. Do you rent or own your home?

    c. Length of time at current address?

    d. How long in this community?

2. Family information:

    a. What is the marital status of each prospective juror?

    b. How many children and their ages?

3. Social/religious information:

   a. What are the clubs, organizations, fraternal societies in which the prospective juror is presently a member, or has been a member within the last five years?

   b. Does anyone here have any religious, moral or ethical beliefs that would cause you to be unable to sit in judgment of the facts of this case?

4. Educational information:

   a. What level of education has been completed by each prospective juror (high school, college or other?)

   b. If the prospective juror has a college education, what is the field of study?

5. Employment information:

   a. What is the occupation and job duties of each prospective juror and spouse?

   b. Is the position full or part-time?

   c. How long at this job?

   d. If retired, from what occupation and what duties?

      i. How long has the juror been retired?

6. Law enforcement affiliation(s):

   a. Has anyone of the prospective jurors worked as a law enforcement officer, whether paid or as a volunteer, civil or military? If so, please ask:

      i. Agency, job title, time on the job?

      ii. Is there anything about that experience which would make it hard for you to be fair and impartial in this case?

   b. Does anyone of the prospective jurors have a family member or close

personal friend who has worked as a law enforcement officer, whether paid or as a volunteer, civil or military? If so, please ask:

    i. What is the relationship of the juror to the person who worked in law enforcement?

    ii. What agency, job title, time on the job?

    iii. Is there anything about that experience which would make it hard for the prospective juror to be fair and impartial in this case?

7. Have any of you worked for a law firm or in a government agency involved in prosecuting or defending criminal cases? If so, please ask:

    a. When and for whom did you do this work?

    b. What was your job title?

    c. Is there anything about that experience which would make it hard for you to be fair and impartial in this case?

8. Potential conflicts for jurors:

    a. Is there an unavoidable conflict at home or at work that would prevent you from giving your full attention to this trial?

    b. Are you under a doctor's care for any ailment that you feel would affect your ability to sit as a juror in this case?

    c. Is there any other condition such as hearing loss, chronic back pain, etc. that could cause a problem sitting and listening for prolonged periods of time?

9. Prior jury service:

a. Have you had prior jury service? If yes,

   i. Civil or criminal case?

   ii. Were you the foreperson?

   iii. Did your jury reach a verdict?

   iv. How long ago were you a juror?

   v. Has that experience caused you to form an opinion that would affect your ability to sit as a fair and impartial juror in this case?

10. Prior involvement with the legal system:

   a. Have any of you had formal legal training (law school, college business law course, paralegal training, legal training in the course of employment, etc.)? If so:

      i. Do you have knowledge or experience in criminal law? If so, please describe your experience.

   b. Have any of you, or a member of your family, ever had dealings with the United States Attorney's office, FBI, or other local police departments, Task Forces, or any other local, state or Federal law enforcement agency?

   c. Have you ever been a party in any type of legal proceeding whether civil or criminal? If so:

      i. Were you the plaintiff or defendant?

      ii. Was the matter resolved to your satisfaction?

iii. Has that experience caused you to form an opinion that would in any manner affect your ability to sit as a fair and impartial juror in this case?

d. Have you served as a witness in either a criminal or civil case? If so:

i. Criminal case or a civil case?

ii. Was there anything about your experience as a witness that would affect your ability to sit as a fair and impartial juror in this case?

13. Knowledge of parties and attorneys:

a. Does any member of the jury panel know the lawyers for the government in this case, Stefan Hughes, Assistant United States Attorney; Lucinda Woolery, Assistant United States Attorney; or any other member of the United States Attorney staff?

b. Is there any member of the jury panel acquainted with or related to Andre Taylor, the defendant in this case?

c. Does any member of the jury panel know the defense attorney, Alex McCauley?

14. Knowledge of others:

a. Do you know of, have you heard of, or are you acquainted with any of the witnesses listed by the government? Please read the list.

b. Do you know of, have you heard of, or are you acquainted with any of the witnesses listed by any of the defendants? Please read the list.

c. Do you know any other jurors on the panel? If so:

i. Is there anything about your relationship with another juror that would hamper your ability to be fair and impartial in this case?

ii. Could you be true to your opinion regarding the defendant's innocence or guilt even it was adverse to that of the other juror?

15. Drug and alcohol information/bias:

   a. Do you or any member of your family, belong to an organization which is concerned with the prevention or treatment of drug and alcohol abuse? If so:

   i. How long have you been a member of that organization?

   ii. Is there anything about that experience which would prevent you from sitting as a fair and impartial juror in this case?

   b. Has any member of the jury panel, any member of your immediate family or a close personal friend been treated for or suffered from addiction to an illegal drug? If so:

   i. Without naming names, please state that person's relationship to you.

   ii. Is there anything about your experience or that of a close relative or friend that would affect your ability to sit as a fair and impartial juror in this case?

   c. As you know from my previous questions, this case involves the alleged possession of drugs for further distribution by the defendant or other persons. The subject of the distribution and use of drugs is a subject which

7

causes very strong feelings in some people. While all of you might be fair jurors in any other type of case such as robbery or fraud, some of you may have such strong feelings or beliefs about the drug problem in America today that it would make it extremely difficult for you to be impartial in a drug case such as this case. Is there any reason, which I have not previously asked you about, such as your beliefs about drugs or persons involved with drugs that you could not sit as an impartial juror in this case?

16. Weapons information:
   a. Do you, or any member of your family, belong to the NRA or other organization which supports the right of private citizens to possess firearms?
   b. Do you, or any member of your family, belong to an organization which seeks to reduce gun violence or to restrict the possession of firearms by private citizens?
   c. There will be evidence during the trial about firearms. Is there any member of the panel who has strong feelings regarding the possession of firearms that would make it difficult for you to be fair and impartial in deciding this case?

17. Juror's past history:
   a. Have you been a victim of a crime or had relatives or close friends who have been victims of crimes? If so:
      i. What was the nature of the crime?

        ii.        Was anyone arrested and prosecuted?

        iii.       Do you feel the results of the prosecution were just?

        iv.       Have you formed an opinion due to that experience that would affect your ability to sit as a fair and impartial juror in this case?

    b.       Has a member of your family, or a close friend, been convicted of a crime? If so:

        i.        Without naming names, please state that person's relationship to you.

        ii.       Did the person spend any time in prison?

        iii.      Is there anything about that experience which would make it hard for you to be fair and impartial in this case?

16. Prior knowledge:

    a.       You have heard the nature of the charges and the person(s) allegedly involved. Without saying what you have learned, please raise your hand if you have read, heard or seen anything about these charges before you came to court today?

    b.       Has any member of the jury panel heard or read any news accounts or other mention, either in the newspaper on radio, on television, or from any other source, about the arrest of this defendant. [For affirmative responses, please elicit, out of the hearing and presence of the other prospective jurors, the nature of such information and its effect, if any, on the prospective jurors ability to impartially evaluate the evidence in this case.]

17. Juror Bias:

   a. Do you understand that the indictment in this case is merely a charge and may not be considered by you as any evidence or indication of guilt?

   b. Do you tend to believe that because a person is charged with a crime, that person is probably guilty?

   c. Do you believe that when a person is charged with a crime they have to prove they are innocent?

   d. Do you understand that the law does not require a person accused of a crime to prove his innocence or present any evidence whatsoever?

   e. Do you understand that the law does not compel a defendant in a criminal case to take the witness stand and testify?

   f. Do you understand that if the defendant does not testify on his own behalf, you cannot presume he is guilty because he doesn't testify?

   g. Do you understand that if the defendant does not testify, you may not make any inferences as to his guilt?

   h. Understanding this to be the law that must be followed by a jury in a criminal case, is there any member of the jury panel who feels that the failure of an accused person to testify at his trial is a sign of his guilt?

   i. Do you tend to believe that if a person is accused of a crime, that person should take the stand and testify in his own defense?

j.  Do any of you believe that just because the defendant is with someone else who is guilty of a crime that the defendant is automatically guilty because of his association with that person?

k.  Do any of you believe that just because the defendant is present when a crime may have been committed that he is automatically guilty because he was there?

l.  Do any of you believe that just because an individual may have been convicted of prior crimes that he is therefore guilty of THIS crime?

m.  Is there any member of the panel who has strong feelings regarding thefts, drugs, distribution of drugs, firearms or crimes alleging violence, conspiracy to commit murder and other crimes of that nature that would make it difficult for you to be fair and impartial in deciding this case?

n.  Is there any member of the jury panel who is employed, or has been employed, in social work, drug rehabilitation, a community watch, or activist group programs? Who is so employed? By what employer? Nature of the employment? Is there anything about that employment that would prevent you from sitting as a fair and impartial juror in this case?

11

o. Has any member of the panel had a family member or close personal friend employed or participated in some capacity for a social work agency, drug rehabilitation program, a community watch or activist group program? If so: 1) Without naming names, please state whether it was a close personal friend or family member. 2) Where was that person employed? 3) Is there anything about that experience that would prevent you from sitting in this case as a fair and impartial juror?

18. Burden of Proof:

   a. Reasonable doubt is a high standard, one that the lawyers cannot define for you at trial. There are different levels of proof in the law such as probable cause which is defined as "having more evidence for than against". Preponderance of the evidence is defined as "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it". Clear and convincing proof, which in some states is the burden of proof required to remove children from custody of their parents, is defined as "proof which results in a reasonable certainty of the truth of the ultimate fact in controversy". Above those standards is the standard of proof beyond a reasonable doubt. It is a level that you as a juror determine. Does anyone feel that they would be unable to decide what constitutes reasonable doubt? Does anyone feel that this level is inappropriate? How so? Why? Is it too high a standard or not high enough? Is this burden unfair to the government? Is this burden to lenient for a defendant?

b. Do you understand that the burden is upon the prosecution to prove the guilt of Andre Taylor beyond a reasonable doubt?

c. Is there any member of the panel who has any disagreement with the idea that the defendant has no burden of proof whatsoever, that the sole burden of proving his or her guilt is the government's and that if the government fails, you must find him or her not guilty?

d. Do you understand that if the prosecution fails to prove his guilt beyond a reasonable doubt, you are required by law to return a verdict of not guilty?

e. Is there anyone on the panel who would hesitate to vote "not guilty" if the government failed to prove its case beyond a reasonable doubt?

f. If reasonable doubt is shown by the evidence or lack of evidence, would you, as a juror, return a not guilty finding as to the charged defendant?

19. Presumption of Innocence:

a. The law in this country provides that a person charged with a crime is presumed to be not guilty and that the jury must find the person not guilty if the government's evidence does not prove his guilt beyond a reasonable doubt. Even though this is the law, do you tend to disagree with the idea that a person should be presumed to be not guilty? If yes:

i. Would you find it difficult to follow the law?

ii. In other words, would it be difficult for you to presume a person not guilty, even though you were instructed to do so?

20. Credibility of Witnesses:

13

a. If you are chosen to serve as a juror in this case, one important part of your job will be to determine the believability of the witnesses. The Judge will instruct you on the type of factors or standards you should consider when making that determination, but you should use the same set of factors when determining the believability of each witness.

b. Law enforcement witnesses:

   i. As you have heard, some of the witnesses that will be called by the Government are law enforcement officers. Is there any member of the panel who would automatically believe all of a police officer's testimony solely because he or she is a law enforcement officer, without applying the same set of factors that you would apply to the other witnesses?

   ii. Do you feel that you might give more weight to the testimony of a federal agent, or police officer, than to the testimony of a civilian witness?

   iii. The Assistant United States Attorney and the defense counsel attorneys are equals, both are lawyers, and thus equal in the eyes of the law, each doing his or her best to represent his or her client. Is there any member of the panel who would give any more weight to the arguments of the prosecutor than to the defense counsel merely because the prosecutor represents the government or because the prosecutor bears the title "Assistant United States Attorney?"

    c.    Other witnesses:

        i.    Some witnesses for the government have agreed to testify in order to receive a reduced sentence in their pending federal criminal case. Is there any member of the panel who would automatically disbelieve the testimony of a witness who will receive such a benefit for their testimony?

21.    Following the law:

    a.    The members of this panel who are selected to sit as jurors in the trial of this case will decide the facts, but must accept the law as the Judge explains it to you. The law in this case may differ from what you expect it to be, but you are required to follow the instructions of the Court.

        i.    Is there any member of the panel who could not follow the court's instructions even if you disagreed with the law as the Judge presented it?

        ii.    Is there any member of this panel who could not follow the Judge's instructions?

    b.    If you are selected to sit as jurors in this case, as the finders of fact, you will be required to determine whether all elements of the crime charged have been proven beyond a reasonable doubt. Is there any member of the panel who cannot sit in judgment of the facts and reach a yes or no decision as to whether a given element of the crime charged has been proven beyond a reasonable doubt?

c. The burden is always on the Government to prove beyond a reasonable doubt that a defendant is guilty, and if this burden is not met, the defendant must be found not guilty. This is the law and must be followed by the jury in a criminal case. Is there any member of the jury panel who feels he could not obey this law and follow the Court's instructions?

d. The law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the accused and the community expect that jurors will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict based only on the evidence and the instructions of the Court in this case. Is there any member of the panel who could not follow these rules?

e. Does the fact that Andre Taylor is sitting here today cause you to believe that he is guilty?

Respectfully submitted,

/s/ *Alex S. McCauley*
Alex S. McCauley, MO Bar #52632
McCAULEY LAW FIRM, LLC
11730 W. 135th St., #204
Overland Park, KS 66221
(913) 744-4333
(913) 730-5424 facsimile
E-mail: alexsmccauley@gmail.com
Attorney for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of August, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

                                  /s/ Alex S. McCauley
                                  Alex S. McCauley