IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

ANDRE TAYLOR, a/k/a "Dre",
ERIC UNION, a/k/a "E", and
VICTOR VICKERS, a/k/a "VV",

                Defendants.

Case No. 12-00291-01/16/19-CR-W-GAF

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

### (WITH SUPPORTING CITATIONS)

The United States of America respectfully submits the following proposed jury instructions for use in the trial of the instant case.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By

_____

Stefan C. Hughes
Assistant United States Attorney

_____

Bruce Rhoades
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri   64106
Telephone:   816-426-3122

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on August 27, 2014, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

_____

Stefan C. Hughes
Assistant United States Attorney

INSTRUCTION NO. _____

Members of the Jury Panel, if you have a cell phone, PDA, Blackberry, iPhone, smart phone, iPad, tablet, or any other wireless communication device with you, please take it out now and turn it off.   Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off.   (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror,  you must leave your cell phone, PDA, Blackberry, smart phone, iPhone, iPad, tablet or any other wireless communication devices in the jury room during the trial and may only use them during breaks.    However, you are not allowed to have any such device in the jury room during your deliberations.    You must give any such to the courtroom deputy for safekeeping just before you start to deliberate.    It will be returned to you when your deliberations are complete.

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.    You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, claims, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.    If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions.    That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk to any other person, including your fellow jurors, about this case or your experiences with this case, outside of the jury room and during deliberations. This includes communication by any electronic device or media, such as any telephone, cell phone, smart phone, iPhone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website, or any social media such as Facebook, MySpace, YouTube, Instagram, SnapChat, or Twitter, or any other type of social media, or use any other way to electronically or otherwise communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties

a fair trial in accordance with the rules of this country and you will have done an injustice.   It is very important that you abide by these rules.   Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others in any way, shape or form during this trial?   (And then continue with other voir dire.).

Plaintiff's Instruction No.   __1__

Source:          Eighth Circuit Jury Instructions
                 No. 0.01   (Instructions Before Voir Dire)

## INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among you or with anyone else, including your family and friends.    Do not allow anyone to discuss the case with you or within your hearing.    "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.    Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.    You must keep your mind open and free of outside information.    Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.    If you decide this case on anything else, you will have done an injustice.    It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Plaintiff's Instruction No.   _2_

Source:          Eighth Circuit Jury Instructions
                 No. 0.02   (Instructions After Voir Dire)

# INSTRUCTION NO. _____

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

You must leave your cell phone, PDA, Blackberry, smart phone, iPhone, iPad, tablet or any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have any such device in the jury room during your deliberations. You must give any such to the courtroom deputy for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendant by the United States Government. The defendants, ANDRE TAYLOR, a/k/a/ "Dre" and VICTOR VICKERS, a/k/a "VV", are both charged with the crime of conspiracy to distribute powder cocaine and marijuana and Defendant TAYLOR is also charged with aiding and abetting the distribution of cocaine and possessing a machine gun in furtherance of a crime of violence. Finally, Defendant TAYOR and Defendant ERIC UNION, a/k/a "E", are both charged with conspiracy to commit murder for hire. All of these charges are set forth in what is called an indictment. You should understand that an indictment is simply an accusation. It is not evidence of anything. All the defendants have pleaded not guilty to all these charges and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendants are guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are

entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

Plaintiff's Instruction No. ___3___

Source: Eighth Circuit Jury Instructions
No. 1.01

# INSTRUCTION NO. _____

Keeping in mind that an indictment is simply an accusation and is not evidence of anything, it may be helpful to provide you now with a summary of the charges contained in the indictment.

Count One of the indictment alleges that Defendants TAYLOR and VICKERS, knowingly and intentionally conspired with each other and others to distribute 1000 kilograms or more of marijuana and five kilograms or more of cocaine.

Count Two (count five) of the indictment further alleges that Defendant TAYLOR knowingly and intentionally aided, abetted, encouraged, and caused the distribution by him or others of some amount of cocaine.

Count Three (count eight) of the indictment alleges that Defendants TAYLOR and UNION, knowingly and intentionally conspired with each other and others to travel in interstate commerce (from Kansas City, KS to Kansas City, MO) with the intent the murder of a specific person (Billy Brown) be committed and used a communication facility to discuss, plan and arrange the murder, in violation of the laws of the State of Missouri, as consideration for pecuniary gain.

Count Four (count nine) of the indictment alleges that Defendant TAYLOR knowingly and intentionally possessed a machine gun in furtherance of a crime of violence.

Plaintiff's Instruction No. ___4___

Source:    <u>Eighth Circuit Jury Instructions</u>
                No. 1.01, Note 2

# INSTRUCTION NO. _____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."   You are instructed that you should not be concerned with those terms.   The law makes no distinction between direct and circumstantial evidence.   You should give all evidence the weight and value you believe it is entitled to receive.

Plaintiff's Instruction No.   5

Source:        Eighth Circuit Jury Instructions
               No. 1.03

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Plaintiff's Instruction No.   __6__

Source:          Eighth Circuit Jury Instructions
                 No. 1.05

## INSTRUCTION NO. _____

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Plaintiff's Instruction No. ___7A___ (if note taking permitted)

Source:     Eighth Circuit Jury Instructions
            No. 1.06

# INSTRUCTION NO. _____

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read or play back lengthy testimony. You must pay close attention to the testimony as it is given.

Plaintiff's Instruction No. ___7B___ (if note taking not permitted)

Source:      Eighth Circuit Jury Instructions
             No. 1.06

## INSTRUCTION NO. _____

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury; either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Plaintiff's Instruction No. ___8___

Source:     <u>Eighth Circuit Jury Instructions</u>
            No. 1.07

# INSTRUCTION NO. _____

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk or communicate with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone communicate in any way to you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk or communicate to you about the case during the trial, please report it to the courtroom deputy.

*Fourth*, during the trial you should not talk or communicate with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of this case sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevators or the like, it is because they are not supposed to talk to or communicate with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain you are required to be in court and when and you can warn them not to ask you about this case or tell you or communicate to you anything they know or think they know about this case, or warn them to not discuss this case in your presence. You must not communicate with anyone or provide or "post" in any manner any information about the parties, witnesses, participants, claims, charges, evidence, or

anything else related to this case.   You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.   If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions.   That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried.   During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case.   Thus, for example, do not talk face to face or use any electronic device or media, such as any telephone, cell phone, smart phone, iPhone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website, or any social media such as Facebook, MySpace, YouTube, Instagram, SnapChat, or Twitter, or any other type of social media, or use any other way to electronically or otherwise communicate to anyone any information about this case until I accept your verdict.

Sixth, do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own.   Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony.   Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

Seventh, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.   [In fact, until the trial is over, I suggest that

you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however, that by the time you have heard the evidence in this case; you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Plaintiff's Instruction No. ___9___

Source:      Eighth Circuit Jury Instructions
             No. 1.08

# INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the government attorney will make an opening statement.   Next the defendants' attorneys may, but do not have to, make an opening statement.   An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendants may cross-examine.   Following the government's case, the defendants may, but do not have to, present evidence, testify or call other witnesses.   If the defendants call witnesses, the government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.   As with opening statements, closing arguments are not evidence.   The court will instruct you further on the law.   After that you will retire to deliberate on your verdict.

Plaintiff's Instruction No.   ___10___

Source:          Eighth Circuit Jury Instructions
                 No. 1.09

# INSTRUCTION NO. _____

We are about to take [our first] [a] recess and I remind you of the instruction I gave you earlier.   During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing.   Only you have been chosen as jurors in this case, and only you have sworn to uphold the law – no one else has been chosen to do this.   You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.   If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.   Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.   You must keep your mind open and free of outside information.   Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law.   If you decide this case on anything else, you will have done an injustice.   It would be a violation of your oath for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Plaintiff's Instruction No. ___11___

Source:      Eighth Circuit Jury Instructions
             No. 2.01

## INSTRUCTION NO. _____

During the course of the trial, the Government and the Defendants stipulated—that is, they agreed – that if certain individuals were called as witnesses they would testify in the way counsel stated. You should accept these stipulations as being these witnesses' testimony, just as if that testimony had been given here in court from the witness stand.

During the trial, the Government and the Defendants also stipulated to certain facts. You must therefore treat those facts as having been proved.

Plaintiff's Instruction No.   __12__

Source:          <u>Eighth Circuit Jury Instructions</u>
                 No. 2.03

# INSTRUCTION NO. _____

[If there is any FRE 404B evidence admitted]

You [are about to hear] [have heard] evidence that the defendant committed some act or crime on some earlier date. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide whether the defendant committed BLANK CRIME, as charged in the indictment. You should give the EARLIER incident the weight and value you believe it is entitled to receive. If you find that the EARLIER incident has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed a similar act in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issue stated above.

Plaintiff's Instruction No. ___13___

Source:          Eighth Circuit Jury Instructions
                 No. 2.08

# INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because <u>all</u> are important.   This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.   I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

Plaintiff's Instruction No.   __14__

Source:        <u>Eighth Circuit Jury Instructions</u>
                    No. 3.01

## INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are.   You will then apply the law, as I give it to you, to those facts.   You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.   The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Plaintiff's Instruction No.  ___15___

Source:      Eighth Circuit Jury Instructions
             No. 3.02

# INSTRUCTION NO. _____

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits and the facts that have been stipulated -- this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.     Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.     Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.     Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Plaintiff's Instruction No.  __16__

Source:        Eighth Circuit Jury Instructions
               No. 3.03

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.   You need to consider therefore whether a contradiction is an innocent miss-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

Plaintiff's Instruction No.   __17A__   (if defendant testifies)

Source:        Eighth Circuit Jury Instructions
               No. 3.04

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent miss-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Plaintiff's Instruction No. __17B__ (if defendant does not testify)

Source:      Eighth Circuit Jury Instructions
                No. 3.04

# INSTRUCTION NO. _____

The indictment in this case charges that Defendants TAYLOR and VICKERS committed the crime of conspiracy to distribute cocaine and marijuana, that Defendant TAYLOR committed the crime of aiding and abetting distribution of cocaine, that Defendant TAYLOR and UNION committed the crime of conspiracy to commit murder for hire and that Defendant TAYLOR committed the crime of possession of a machine gun in furtherance of a crime of violence. All the defendants have pleaded not guilty to all these charges.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendants are all presumed to be innocent. Thus the defendants, even though charged, begin the trial with no evidence against them. The presumption of innocence alone is sufficient to find the defendants not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of each of the charged crimes.

Keep in mind that you must give separate consideration to the evidence about each individual Defendant. Each Defendant is entitled to be treated separately, and you must return a separate verdict for each Defendant. Also keep in mind that you must consider, separately, each crime charged against each individual Defendant, and must return a separate verdict for each of those crimes charged.

Plaintiff's Instruction No. ___18A___ (if defendant testifies)

Source:        Eighth Circuit Jury Instructions
                 No. 3.05

## INSTRUCTION NO. _____

The indictment in this case charges that Defendants TAYLOR and VICKERS committed the crime of conspiracy to distribute cocaine and marijuana, that Defendant TAYLOR committed the crime of aiding and abetting distribution of cocaine, that Defendant TAYLOR and UNION committed the crime of conspiracy to commit murder for hire and that Defendant TAYLOR committed the crime of possession of a machine gun in furtherance of a crime of violence. All the defendants have pleaded not guilty to all these charges.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendants are all presumed to be innocent. Thus the defendants, even though charged, begin the trial with no evidence against them. The presumption of innocence alone is sufficient to find the defendants not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of each of the charged crimes.

Keep in mind that you must give separate consideration to the evidence about each individual Defendant. Each Defendant is entitled to be treated separately, and you must return a separate verdict for each Defendant. Also keep in mind that you must consider, separately, each crime charged against each individual Defendant, and must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that a defendant does not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

Plaintiff's Instruction No.   __18B__   (if defendant does not testify)

Source:       Eighth Circuit Jury Instructions
                     No. 3.05

## INSTRUCTION NO. _____

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.   A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.   Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Plaintiff's Instruction No.   __19__

Source:          Eighth Circuit Jury Instructions
                 No. 3.11

# INSTRUCTION NO. _____

Defendant TAYLOR and Defendant VICKERS are charged with conspiracy to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana and Defendant TAYLOR and Defendant UNION are charged with conspiracy to commit murder for hire.

The crime of conspiracy consists of four elements:

**Element One –**

Element One requires that two or more people reached an agreement to commit the crime of distribution of cocaine and marijuana and the crime of murder for hire.

The indictment charges a conspiracy to distribute cocaine and marijuana and a conspiracy to commit murder for hire. For you to find that the government has proven a conspiracy, you must unanimously find that there was an agreement to act for one or both of the purposes in the drug distribution conspiracy and the sole purpose in the murder for hire conspiracy. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of the purposes in the drug case or on the purpose in the murder case, you cannot find the defendant guilty of conspiracy.

The agreements between two or more people to commit the crime of distribution of cocaine and marijuana and the crime of murder for hire do not need to be formal agreements or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crimes of distribution of cocaine and marijuana or murder for hire were actually committed or whether the alleged participants in the agreement actually succeeded in accomplishing their unlawful plans.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to distribute cocaine and marijuana and/or murder for hire, you must next decide whether the defendant voluntarily and intentionally joined one or both of those agreements, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of distribution of cocaine and marijuana and or murder for hire, you could consider the acts and statements of each person alleged to be part of each agreement. Now, in deciding whether a defendant joined each agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit the crime of distribution of cocaine and marijuana and or murder for hire, by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of distribution of cocaine and marijuana and or murder for hire. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crimes of distribution of cocaine and marijuana and or murder for hire, you should consider the elements of those crimes, as set out herein below.

As to the crime of distribution of cocaine and marijuana, the government must prove:

*One*; a person intentionally transferred cocaine and marijuana to another person;

*Two*; at the time of the transfer, the person knew that it was cocaine and knew it was marijuana, and;

*Three;* the person intended to distribute more than 5 kilograms of cocaine and more than 1000 kilograms of marijuana.

As to the crime of murder for hire, the government must prove:

*One;* the defendant traveled in and caused another to travel in interstate commerce;

***Two;*** with the intent that the murder of Billy Brown be committed in violation of the laws of any State, and;

***Three;*** as consideration for the receipt of or as consideration for a promise or agreement to pay anything of pecuniary value.

You may consider the elements of these crimes in determining whether the defendant agreed to commit these crimes. However, you must keep in mind that the indictment only charges a conspiracy to commit these crimes, and does not charge that these crimes were committed.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine *directly* what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distribution of cocaine and marijuana and the crime of murder for hire, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

**Element Four -**

Element Four requires that one of the persons who joined the agreement took some act for the purpose of carrying out or carrying forward the agreement.

The defendant does not have to personally commit an act in furtherance of the agreement, know about it, or witness it. It makes no difference which of the participants in the agreement did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

The act done in furtherance of the agreement does not have to be an unlawful act. The act may be perfectly innocent in itself.

It is not necessary that the government prove that more than one act was done in furtherance of the agreement. It is sufficient if the government proves *one* such act; but in that event, in order to return a verdict of guilty, you must all agree which act was done.

Plaintiff's Instruction No. ___

Source:  Eighth Circuit Jury Instructions
             No. 5.06A-2
Source:  Eighth Circuit Jury Instructions
             No. 6.21.846A.1
Source:  *United States v. Davila,* 964 F.2d 778, 783 (8th Cir. 1992), and *United States v. Lueth,*
             807 F.2d 719, 732-34 (8th Cir. 1896) (multiple objects of the conspiracy)

# INSTRUCTION NO. _____

Defendant TAYLOR is charged with the crime of aiding and abetting the distribution of cocaine.

Two elements must be proven before you can find the defendant guilty of this crime:

*One*; Defendant TAYLOR knew that the crime of distribution of cocaine was being committed or going to be committed, and;

*Two*; Defendant TAYLOR knowingly acted in some way for the purpose of causing or encouraging or aiding or abetting or commanding or inducing or procuring the commission of distribution of cocaine.

The crime of distribution of cocaine has three elements:

*One*; a person intentionally transferred cocaine to another person;

*Two*; at the time of the transfer, the person knew that it was cocaine, and;

*Three*; the person intended to distribute some amount of cocaine.

If you find that the Government has proved beyond a reasonable doubt that someone did, in fact, commit the crime of distribution of cocaine and further find that the Government has proved beyond a reasonable doubt that Defendant TAYLOR aided, abetted, caused, counseled, commanded, induced, or procured the commission of that crime by that other person, then you must find the defendant guilty of this crime; otherwise you must find the defendant not guilty of this crime.

A person who aids, abets, causes, counsels, commands, induces, or procures another to commit an offense is just as guilty of that offense as if he committed it himself. In order to aid, abet, cause, counsel, command, induce, or procure, the defendant must willfully and knowingly associate himself in some way with the crime and seek by some act, or knowing omission, to

help make the crime succeed. A person may be held responsible for a crime he did not personally

carry out if he helps another commit the crime.

Plaintiff's Instruction No.    20   

Source:       <u>Eighth Circuit Jury Instructions</u>
             No. 3.09, 5.01

## INSTRUCTION NO. _____

Defendant TAYLOR is charged with the crime of possession of a machine gun in furtherance of a crime of violence.

This crime has three elements:

   ***One;*** the defendant committed a crime of violence, to wit: conspiracy to commit murder for hire;

   ***Two***; the defendant knowingly and intentionally possessed a machinegun, and;

   ***Three;*** said possession was in furtherance of that crime.

   If you find that the Government has proved beyond a reasonable doubt that Defendant TAYLOR did, in fact, commit the crime of possession of a machine gun in furtherance of a crime of violence, then you must find the defendant guilty of this crime; otherwise you must find the defendant not guilty of this crime.

Plaintiff's Instruction No. _____

Source:         Eighth Circuit Jury Instruction
                No. 6.18.924C

# INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident.    The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Plaintiff's Instruction No.  _____

Source:          <u>Eighth Circuit Jury Instruction</u>
                 No. 7.03

## INSTRUCTION NO. _____

The defendant's intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge and intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Plaintiff's Instruction No. _____

Source:          Eighth Circuit Jury Instruction
                         No. 7.05

# INSTRUCTION NO.  _____

You have heard evidence that _____ has received a promise from the government that his testimony will not be used against him in a criminal case.  His testimony was received in evidence and may be considered by you.  You may give his testimony such weight as you think it deserves.   Whether or not his testimony may have been influenced by the government's promise is for you to determine.

You have heard evidence that _____, have made agreements with the Government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreements is for you to determine.

A witness' guilty plea or agreement cannot be considered by you as any evidence of a Defendant's guilt. A witness' guilty plea or agreement can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.

Plaintiff's Instruction No.  ____

Source:          <u>Eighth Circuit Jury Instruction</u>
                 No. 4.04

## INSTRUCTION NO. _____

You have heard evidence that �_____ hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the Government in this case. �_____ entered into individual agreements with United States Attorney's Office. Each agreement provides that in return for this witness' assistance the Government will recommend a less severe sentence. If the prosecutor handling this witness' case believes they provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce their sentence. The judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, by how much.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by their hope of receiving a reduced sentence is for you to decide.

Plaintiff's Instruction No. _____

Source:        Eighth Circuit Jury Instruction
               No. 4.05B

## INSTRUCTION NO. _____

You have heard testimony from _____ who stated

that they participated in the crimes charged against the Defendants. Their testimony was received

in evidence and may be considered by you. You may give each witness' testimony such weight

as you think it deserves. Whether or not a given witness' testimony may have been influenced by

his desire to please the Government or to strike a good bargain with the Government about his

own situation is for you to determine.

Plaintiff's Instruction No. _____

Source:      <u>Eighth Circuit Jury Instruction</u>
             No. 4.05A

## INSTRUCTION NO. _____

You have also heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Plaintiff's Instruction No. _____

Source:     Eighth Circuit Jury Instruction
            No. 4.10

# INSTRUCTION NO. _____

You will remember that a chart and summary marked as Government Exhibit # _____ was admitted into evidence. This chart summarizes facts contained in voluminous records reviewed by a witness. You may use this chart as evidence, even though the underlying documents and records it summarizes were not admitted into evidence. You may consider this chart as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you believe it deserves. In making that decision, you should consider all of the testimony you heard about the way in which this chart was prepared.

Plaintiff's Instruction No. ___

Source:    Eighth Circuit Jury Instructions
           No. 4.12 (modified)

           1 Edward J. Devitt et al., Federal Jury Practice and Instructions, § 1402 (4th ed. 1992) (modified)

           United States v. Bray, 139 F.3d 1104, 1112 (6th Cir. 1998)


           Fed.R.Evid. 1006

# INSTRUCTION NO. _____

Government exhibits _____ are charts or summaries that were shown to you during the trial in order to help explain facts disclosed by the books, records, or other underlying evidence in the case.   These charts or summaries are used for convenience. These charts are not themselves evidence or proof of any facts.   If these charts do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence in the case.

Plaintiff's Instruction No.  _____

Source:      Eighth Circuit Jury Instructions
             No. 4.11 (modified)

             1 Edward J. Devitt et al., Federal Jury Practice and Instructions, § 1402 (4th ed.
             1992) (modified)

             United States v. Bray, 139 F.3d 1104, 1112
             (6th Cir. 1998)

             Fed.R.Evid. 611(a)

# INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Plaintiff's Instruction No. _____

Source:        Eighth Circuit Jury Instructions
               No. 3.12

# INSTRUCTION NO. _____

As stated in my instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that if in your individual judgment the evidence fails to establish guilt beyond a reasonable doubt, then the defendant should have your vote for a not guilty verdict. If all of you reach the same conclusion, then the verdict of the jury must be not guilty. Of course the opposite also applies. If in your individual judgment the evidence establishes guilt beyond a reasonable doubt, then your vote should be for a verdict of guilty and if all of you reach that conclusion then the verdict of the jury must be guilty. As I instructed you earlier, the burden is on the government to prove beyond a reasonable doubt every essential element of the crimes charged.

Finally, remember that you are not partisans; you are judges --- judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully consider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

There is no reason to think that another trial would be tried in a better way or that a more conscientious, impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time.

Plaintiff's Instruction No. _____

Source:          Eighth Circuit Jury Instructions
                 No. 10.02

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,               )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   No. 12-00291-01/16/19-CR-W-GAF
                                        )
ANDRE TAYLOR, a/k/a "Dre",              )
ERIC UNION, a/k/a "E", and              )
VICTOR VICKERS, a/k/a "VV",             )
                    ,                   )
                                        )
            Defendant.                  )


<u>VERDICT 1</u>


      The jury finds defendant, ANDRE TAYLOR, _____ of the
                                              (guilty - not guilty)

crime of conspiracy to distribute five kilograms or more of cocaine, as charged in Count One.


                          _____
                          FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      No. 12-00291-01/16/19-CR-W-GAF
                                    )
ANDRE TAYLOR, a/k/a "Dre",          )
ERIC UNION, a/k/a "E", and          )
VICTOR VICKERS, a/k/a "VV",         )
                         ,          )
                                    )
            Defendant.              )


<u>VERDICT 2</u>


        The jury finds defendant, ANDRE TAYLOR, _____ of the
                                                    (guilty - not guilty)

crime of conspiracy to distribute 1000 kilograms or more of marijuana, as charged in Count One.


                              _____
                              FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        No. 12-00291-01/16/19-CR-W-GAF
                                    )
ANDRE TAYLOR, a/k/a "Dre",          )
ERIC UNION, a/k/a "E", and          )
VICTOR VICKERS, a/k/a "VV",         )
                         ,          )
                                    )
                Defendant.          )


<u>VERDICT 3</u>


     The jury finds defendant, VICTOR VICKERS, _____ of the
                                                        (guilty - not guilty)

crime of conspiracy to distribute five kilograms or more of cocaine, as charged in Count One.


                                         _____
                                         FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )       No. 12-00291-01/16/19-CR-W-GAF
                                    )
ANDRE TAYLOR, a/k/a "Dre",          )
ERIC UNION, a/k/a "E", and          )
VICTOR VICKERS, a/k/a "VV",         )
                        ,           )
                                    )
                    Defendant.      )


<u>VERDICT 4</u>


        The jury finds defendant, VICTOR VICKERS, _____ of the
                                                        (guilty - not guilty)

crime of conspiracy to distribute 1000 kilograms or more of marijuana, as charged in Count One.


                        _____
                        FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )     No. 12-00291-01/16/19-CR-W-GAF
                                   )
ANDRE TAYLOR, a/k/a "Dre",         )
ERIC UNION, a/k/a "E", and         )
VICTOR VICKERS, a/k/a "VV",        )
                          ,        )
                                   )
                Defendant.         )


## VERDICT 5


    The jury finds defendant ANDRE TAYLOR _____ of the
(guilty - not guilty)

crime of aiding, abetting, causing, counseling, commanding, inducing, or procuring the crime of

distribution of some amount of cocaine by another person, as charged in Count Two.


            _____
FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    No. 12-00291-01/16/19-CR-W-GAF
                                     )
ANDRE TAYLOR, a/k/a "Dre",           )
ERIC UNION, a/k/a "E", and           )
VICTOR VICKERS, a/k/a "VV",          )
                          ,          )
                                     )
                Defendant.           )


VERDICT 6


        The jury finds defendant ANDRE TAYLOR _____ of the
                                                   (guilty - not guilty)

crime of conspiracy to commit murder for hire, as charged in Count Three.


                                _____
                                FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION


UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )     No. 12-00291-01/16/19-CR-W-GAF
                                     )
ANDRE TAYLOR, a/k/a "Dre",           )
ERIC UNION, a/k/a "E", and           )
VICTOR VICKERS, a/k/a "VV",          )
                        ,            )
                                     )
            Defendant.               )


VERDICT 7


        The jury finds defendant ERIC UNION _____ of the
                                              (guilty - not guilty)

crime of conspiracy to commit murder for hire, as charged in Count Three.


                              _____
                              FOREPERSON


DATE: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     No. 12-00291-01/16/19-CR-W-GAF
                                    )
ANDRE TAYLOR, a/k/a "Dre",          )
ERIC UNION, a/k/a "E", and          )
VICTOR VICKERS, a/k/a "VV",         )
                           ,        )
                                    )
            Defendant.              )


<u>VERDICT 8</u>


      The jury finds defendant ANDRE TAYLOR _____ of the
                                                  (guilty - not guilty)

crime of possession of a machine gun in furtherance of a crime of violence, as charged

in Count Four.



                              _____
                              FOREPERSON


DATE: _____