**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

**UNITED STATES OF AMERICA,**          )
                                        )
                          **Plaintiff,**  )
                                        )
**vs.**                                 )          **Case No. 12-00291-CR-W-GAF**
                                        )
**ANDRE TAYLOR, ERIC UNION,**           )
**and VICTOR VICKERS,**                 )
                                        )
                          **Defendants.**  )

## JURY INSTRUCTIONS

1

# INSTRUCTION NO. 1

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions — both those I give you now and those I give you later — are equally binding on you and must be followed.

This is a criminal case, brought against the Defendants by the United States Government. Defendant Andre Taylor is charged with four different crimes, and Defendants Eric Union and Victor Vickers are each charged with one crime. The charges for these crimes are set forth in what is called a Second Superseding Indictment, which I will summarize as follows:

## COUNT ONE

Between on or about February 1, 2010, and February 25, 2014, in the Western District of Missouri and elsewhere, Andre Taylor and Victor Vickers, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown, to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in an amount of 1000 kilograms or more, and to distribute cocaine, a Schedule II Controlled Substance, in an amount of five kilograms or more, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

On or about January 5, 2012, within the Western District of Missouri, Andre Taylor, aided and abetted in the distribution of a mixture or substance containing an amount of powder cocaine, a Schedule II Controlled Substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2

<u>COUNT EIGHT</u>

Between on or about August 14, 2012, and August 21, 2012, in the Western District of Missouri and elsewhere, Andre Taylor and Eric Union did knowingly and intentionally combine, conspire, confederate, and agree with each other and others, both known and unknown, to travel in interstate commerce from Kansas City, Kansas, to Kansas City, Missouri, with the intent that the murder of Billy Brown be committed and did use a communication facility to discuss, plan, and arrange said murder, in violation of the laws of the state of Missouri, as consideration for the receipt of, and as consideration for a promise and agreement to pay $10,000 in United States currency, contrary to the provisions of Title 18, United States Code, Section 1958.

<u>COUNT NINE</u>

On or about August 21, 2012, within the Western District of Missouri, Andre Taylor, in furtherance of a crime of violence — namely, conspiracy to commit murder for hire as alleged in Count Eight — did knowingly and intentionally possess a firearm:  a .45 ACP M10-type machine gun, as defined in Title 26 United States Code Section 5845(b), contrary to the provisions of Title 18, United States Code, Section 924(c)(1)(B)(ii).

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The Defendants have pleaded not guilty and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether each Defendant is guilty or not guilty of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.  You will then apply those facts to the law that I

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 3 of 57

give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as an indication of what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these Defendants, and not anyone else, are on trial here and that these Defendants are on trial only for the crimes charged, not for anything else.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 1.01 (2014) (as modified).

# INSTRUCTION NO. 2

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the Government must prove beyond a reasonable doubt to make its case:

The crime of conspiracy to distribute controlled substances as charged in Count One of the Second Superseding Indictment has four elements, which are:

*One*, between on or about February 1, 2010, and February 25, 2014, two or more persons reached an agreement to distribute a mixture containing marijuana and cocaine;

*Two*, the Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the Defendant joined in the agreement, he knew the purpose of the agreement; and

*Four*, the agreement involved 1000 kilograms or more of a mixture containing a detectable amount of marijuana and five kilograms or more of cocaine.

The crime of aiding and abetting in the distribution of cocaine, as charged in Count Five of the Second Superseding Indictment has three elements, which are:

*One*, the Defendant knew distribution of cocaine was being committed or going to be committed;

*Two*, the Defendant knowingly acted in some way for the purpose of causing or aiding the commission of distribution of cocaine; and

*Three*, the Defendant intended to distribute cocaine.

The crime of conspiracy to commit murder for hire as charged in Count Eight of the Second Superseding Indictment has four elements, which are:

*One*, between on or about August 14, 2012, and August 21, 2012, two or more persons reached an agreement to commit murder for hire;

*Two*, the Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the Defendant joined in the agreement, he knew the purpose of the agreement; and

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

The crime of possessing a firearm in furtherance of a crime of violence as charged in Count Nine of the Second Superseding Indictment has three elements, which are:

*One*, the Defendant committed the crime of conspiracy to commit murder for hire;

*Two*, the Defendant knowingly possessed a firearm in furtherance of that crime; and

*Three*, the firearm was a .45 ACP M10-type machine gun.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial, I shall give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

SOURCES: 8th Cir. Model Crim. Jury Instr. Nos. 1.02, 5.06A-1, 6.21.846A.1, 6.21.841B, 6.18.924C, and 6.21.924C (2014) (as modified).

# INSTRUCTION NO. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated — that is, formally agreed to by the parties, and any facts that have been judicially noticed — that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

7

makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 1.03 (2014).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 8 of 57

## INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence you believe.

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 1.05 (2014).

## INSTRUCTION NO. 5

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 1.06A (2014).

**INSTRUCTION NO. 6**

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 1.07 (2014).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 11 of 57

## INSTRUCTION NO. 7

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to my clerk, Ms. Terri Moore.

*Fourth*, during the trial, you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case — you should not even pass the time of day with any of them. It is important not only that you do justice in this case but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side — even if it is simply to pass the time of day — an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or

12

anything else related to this case. You must not tell anyone about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, iPhone, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research — on the Internet, in libraries, in the newspapers, or in any other way — or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, on the Internet, or in any blog about the case or about anyone involved with it, and do not listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of

13

this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research, investigation, or experiment that we do not know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 1.08 (2014) (as modified).

**INSTRUCTION NO. 8**

The trial will proceed in the following manner:

First, the Government's attorney will make an opening statement. Next, each Defendants' attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what a Defendant or his attorney expects the evidence to be.

The Government will then present its evidence, and each Defendants' attorney may cross-examine. Following the Government's case, the Defendants may, but do not have to, present evidence, testify, or call other witnesses. If the Defendants call witnesses, the Government's counsel may cross-examine them.

After presentation of evidence is completed, the Court will instruct you further on the law. Then, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that, you will retire to deliberate on your verdict.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 1.09 (2014) (as modified).

## INSTRUCTION NO. 9

Members of the jury, the instructions I gave you at the beginning of and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 3.01 (2014).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 16 of 57

## INSTRUCTION NO. 10

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 3.02 (2014).

## INSTRUCTION NO. 11

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated — that is, formally agreed to by the parties, and the facts that have been judicially noticed — that is, facts that I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

l. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 3.03 (2014).

**INSTRUCTION NO. 12**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, which may depend on whether it has to do with an important fact or only a small detail.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 3.04 (2014).

You have heard testimony about the character and reputation of some of the witnesses and Defendants for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of those witnesses and Defendants and how much weight to give to it.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 4.02 (2014).

## INSTRUCTION NO. 14

You have heard evidence that some witnesses have made plea agreements with the Government or have not been prosecuted and may not be prosecuted by the Government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreement, or the fact that they have not been prosecuted, is for you to determine.

Any witness's guilty plea cannot be considered by you as any evidence of these Defendants' guilt. A witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 4.04 (2014) (as modified).

## INSTRUCTION NO. 15

You have heard testimony from several witnesses who stated that they participated in the crimes charged against the Defendants. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by their desire to please the Government or to strike a good bargain with the Government about their own situation is for you to determine.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 4.05A (2014) (as modified).

## INSTRUCTION NO. 16

You have heard evidence that several witnesses hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the Government in this case. If the prosecutor handling those witnesses' cases believes the witnesses provided substantial assistance, that prosecutor can file a motion to reduce their sentence. The judge has no power to reduce a sentence for substantial assistance unless the Government files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of those witnesses such weight as you think it deserves. Whether or not the testimony of those witnesses may have been influenced by their hope of receiving a reduced sentence is for you to decide.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 4.05B (2014) (as modified).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 23 of 57

**INSTRUCTION NO. 17**

You have heard evidence that several witnesses had an arrangement with the Government under which they received a benefit for providing information to the Government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their information or testimony may have been influenced by these benefits is for you to determine.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 4.06 (2014) (as modified).

**INSTRUCTION NO. 18**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education, or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

SOURCE: 8th Cir. Model Crim. Jury Instr. 4.10 (2014).

## INSTRUCTION NO. 19

Certain charts and summaries have been show to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records, or other underlying evidence.

SOURCE: 8th Cir. Model Crim. Jury Instr. 4.11 (2014).

You will remember that certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence, even though the underlying documents and records are not here. It is for you to decide how much weight, if any, you will give to them. In making that decision you should consider all of the testimony you heard about the way in which they were prepared.

SOURCE: 8th Cir. Model Crim. Jury Instr. 4.12 (2014) (as modified).

## INSTRUCTION NO. 21

The Second Superseding Indictment in this case charges Defendant Andre Taylor with four different crimes and Defendants Eric Union and Victor Vickers with one crime.

Under Count One, Defendants Andre Taylor and Victor Vickers are charged with conspiring with each other and others to distribute a mixture or substance containing a detectable amount of marijuana, in an amount of 1000 kilograms or more, or an amount of cocaine in an amount of five kilograms or more.

Under Count Five, Defendant Andre Taylor is charged with aiding and abetting others in the distribution of a mixture or substance containing an amount of powder cocaine.

Under Count Eight, Defendants Andre Taylor and Eric Union are charged with conspiracy to commit murder for hire.

Under Count Nine, Defendant Andre Taylor is charged with possession of a machine gun in furtherance of a crime of violence.

Each Defendant has pleaded not guilty to the crimes for which he is charged.

The Second Superseding Indictment is simply the document that formally charges the Defendants with the crimes for which they are on trial. The Second Superseding Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the Defendants to be innocent. Thus, the Defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each Defendant not guilty of each count. This presumption can be overcome as to each charge only if the Government proved during the trial, beyond a reasonable doubt, each element of that charge.

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 28 of 57

Keep in mind that you must give separate consideration to the evidence about each individual Defendant. Each Defendant is entitled to be treated separately, and you must return a separate verdict for each Defendant. Also, keep in mind that you must consider separately each crime charged against each individual Defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon the Defendants to prove that they are innocent. Instead, the burden of proof remains on the Government throughout the trial.

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 3.08 (2014) (as modified).

# INSTRUCTION NO. 22

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to distribute controlled substances as charged in Count One of the Second Superseding Indictment has four elements, which are:

> *One*, between on or about February 1, 2010, and February 25, 2014, two or more persons reached an agreement to distribute a mixture containing marijuana or cocaine;

> *Two*, the Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

> *Three*, at the time the Defendant joined in the agreement, he knew the purpose of the agreement; and

> *Four*, the agreement involved 1000 kilograms or more of a mixture containing a detectable amount of marijuana or five kilograms or more of cocaine.

Instruction No. 23 further explains these elements

If you find these four elements unanimously and beyond reasonable doubt, then you must find the Defendant guilty of the crime of conspiracy to distribute 1000 kilograms or more of a mixture containing a detectable amount of marijuana or five kilograms or more of cocaine. Record your determination on the Verdict Form that will be submitted to you with these instructions.

If you do not find the Defendant guilty of this crime under Count One because of the amounts alleged in that Count, go on to consider whether the Defendant conspired to distribute some lesser amounts of the controlled substances alleged. The verdict forms that will be

30

provided for you will have sections for you to record the amounts of each of these controlled substances, if any, for which you find each of the Defendants individually responsible.

The quantity of controlled substances involved in the agreement includes the controlled substances the Defendant possessed for personal use, or distributed, or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions, or agreements to distribute, were necessary or natural consequences of the agreement and were reasonably foreseeable by the Defendant.

If all of the elements have been proved beyond a reasonable doubt as to any Defendant, then you must find that Defendant guilty of the crime charged under Count One. Otherwise, you must find that Defendant not guilty of this crime under Count One.

SOURCES: 8th Cir. Model Crim. Jury Instr. Nos. 3.09 and 6.21.846A.1 (2014) (as modified); 8th Cir. Crim. Jury Instr. Directions for Use, xv ("Where more than one manner of violating a statute is charged, the disjunctive 'or' should be used in the instructions."); *United States v. Davila*, 964 F.2d 778, 783 (holding that an instruction that requests a special verdict on whether the conspiracy "involved only cocaine, only marijuana, or both" did not impermissibly amend an indictment which charged the defendant with conspiracy to distribute "cocaine *and* marijuana").

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 31 of 57

## INSTRUCTION NO. 23

**Element One —**

Element One requires that two or more people reached an agreement to commit the crime of conspiracy to distribute cocaine or marijuana.

The Second Superseding Indictment charges a conspiracy to distribute cocaine or marijuana. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the Defendant guilty of conspiracy.

The agreement between two or more people to commit the crime of conspiracy to distribute cocaine or marijuana does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two —**

Element Two requires that the Defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of conspiracy to distribute cocaine or marijuana, you must next decide whether the Defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a Defendant joined the agreement, you may consider only the acts and statements of that Defendant.

A person joins an agreement to commit conspiracy to distribute cocaine or marijuana by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime. It is not necessary for you to find that the Defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the Defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others, or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

To help you decide whether the Defendant agreed to commit the crime of conspiracy to distribute cocaine or marijuana, you should consider the elements of the crime.

You may consider these elements in determining whether the defendant agreed to commit the crime, keeping in mind that this count of the Second Superseding Indictment only charges a conspiracy to commit conspiracy to distribute cocaine or marijuana and does not charge that the crime was committed.

**Element Three —**

Element Three requires that the Defendant knew the purpose of the agreement at the time the Defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the Defendant's mind. Thus, the Defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the Defendant and other alleged participants in the agreement to commit the crime of conspiracy to distribute cocaine and marijuana simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The Defendant must have known of the existence and purpose of the agreement. Without such knowledge, the Defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

SOURCE: 8th Circuit Model Crim. Jury Instr. No. 5.06A-2 (2014) (as modified).

# INSTRUCTION NO. 24

The crime of distributing cocaine as charged in Count Five of the Second Superseding Indictment has two elements, which are:

> *One*, on or about January 5, 2012, Defendant Andre Taylor intentionally transferred cocaine to another person; and

> *Two*, at the time of the transfer, Defendant Andre Taylor knew that the substance transferred was cocaine.

A person may also be found guilty of distributing cocaine even if he personally did not do every act constituting the offense charged if he aided and abetted the commission of distributing cocaine.

In order to have aided and abetted the commission of distributing cocaine a person must, before or at the time the crime was committed:

> *One*, have known distribution of cocaine was being committed or going to be committed;

> *Two*, have knowingly acted in some way for the purpose of causing or aiding the commission of distribution of cocaine; and

> *Three*, have intended to distribute cocaine.

For you to find the Defendant guilty distributing cocaine by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the elements of the distribution of cocaine were committed by some person or persons and that the Defendant aided and abetted in the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person

35

has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in the Second Superseding Indictment; otherwise you must find the Defendant not guilty of this crime.

SOURCES:   8th Cir. Model Crim. Jury Instr. Nos. 3.09, 5.01, and 6.21.841B (2014) (as modified).

# INSTRUCTION NO. 25

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to commit murder for hire as charged in Count Eight of the Second Superseding Indictment has three elements, which are:

> *One*, between on or about August 14, 2012, and August 21, 2012, two or more persons reached an agreement to commit murder for hire;

> *Two*, the Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

> *Three*, at the time the Defendant joined in the agreement, he knew the purpose of the agreement.

Instruction No. 26 further explains these elements.

The crime of murder for hire has three elements, which are:

*One,* the Defendant traveled in or caused another (including the intended victim) to travel in interstate or foreign commerce, or used or caused another (including the intended victim) to use the mail or any facility of interstate or foreign commerce,

*Two*, with intent that a murder be committed in violation of the laws of any State or the United States; and

*Three*, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

The Government alleges the Defendant procured the commission of the killing or murder by payment of anything of pecuniary value. To establish that Defendant procured the commission of the killing or murder by payment of anything of pecuniary value, the Government must prove, in essence, that the Defendant arranged to have someone else commit the offense or

assist in committing it. There is no requirement that the Government prove that something of pecuniary value actually changed hands. To "procure commission of the offense" means to obtain it or bring it about. The words "payment or promise of payment" should be given their ordinary, everyday meaning, which includes giving or offering compensation in return for services. "Anything of pecuniary value" means anything in the form of money, property, or anything else having some economic value, benefit, or advantage.

"Facility of interstate or foreign commerce" includes means of transportation and communication.

"State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

If all of the elements have been proved beyond a reasonable doubt as to any Defendant, then you must find that Defendant guilty of the crime charged under Count Eight. Otherwise, you must find that Defendant not guilty of this crime under Count Eight.

SOURCES: 8th Cir. Model Crim. Jury Instr. Nos. 3.09, 5.06A-I, 6.21.846A.1, and 12.07G (2014) (as modified); 18 U.S.C. § 1958.

## INSTRUCTION NO. 26

**Element One —**

Element One requires that two or more people reached an agreement to commit the crime of murder for hire.

The Second Superseding Indictment charges a conspiracy to commit murder for hire. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the Defendant guilty of conspiracy.

The agreement between two or more people to commit the crime of murder for hire does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two —**

Element Two requires that the Defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of murder for hire, you must next decide whether the Defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a Defendant joined the agreement, you may consider only the acts and statements of that Defendant.

A person joins an agreement to commit murder for hire by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime. It is not necessary for you to find that the Defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the Defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others, or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

To help you decide whether the Defendant agreed to commit the crime of murder for hire, you should consider the elements of the crime.

You may consider these elements in determining whether the defendant agreed to commit the crime, keeping in mind that this count of the Second Superseding Indictment only charges a conspiracy to commit murder for hire and does not charge that the crime was committed.

**Element Three —**

Element Three requires that the Defendant knew the purpose of the agreement at the time the Defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the Defendant's mind. Thus, the Defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the Defendant and other alleged participants in the agreement to commit the crime of murder for hire simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The Defendant must have known of the existence and purpose of the agreement. Without such knowledge, the Defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

SOURCE: 8th Circuit Model Crim. Jury Instr. No. 5.06A-2 (2014) (as modified).

# INSTRUCTION NO. 27

The crime of possessing a firearm in furtherance of a crime of violence as charged in Count Nine of the Second Superseding Indictment has three elements, which are:

      *One*,   the Defendant committed the crime of conspiracy to commit murder for hire;

      *Two*,   the Defendant knowingly possessed a firearm in furtherance of that crime; and

      *Three*,   the firearm was a .45 ACP M10-type machine gun.

The phrase "in furtherance of" should be given its plain meaning, that is, the act of furthering, advancing, or helping forward. The phrase "in furtherance of" is a requirement that the Defendant possess the firearm with the intent that it advance, assist or help commit the crime, not that it actually did so.

If all of these elements have been proved beyond a reasonable doubt, then you must find Defendant Andre Taylor guilty of the crime charged under Count Nine. Otherwise, you must find him not guilty of this crime under Count Nine.

SOURCES:  8th Cir. Model Crim. Jury Instr. Nos. 3.09 and 6.18.924C (2014) (as modified).

## INSTRUCTION NO. 28

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by a Defendant and all the facts and circumstances in evidence that may aid in a determination of that Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 7.05 (2014).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 43 of 57

**INSTRUCTION NO. 29**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession and also sole as well as joint possession.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 8.02 (2014).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 44 of 57

## INSTRUCTION NO. 30

Reasonable doubt is doubt based upon reason and common sense and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

SOURCE: 8th Cir. Model Crim. Jury Instr. No. 3.11 (2014).

# INSTRUCTION NO. 31

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty as jurors to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict — whether guilty or not guilty — must be unanimous.

Each of you must make your own conscientious decision but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But, do not come to a decision simply because other jurors think it is right or simply to reach a verdict.

*Third*, if any Defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through my clerk, Ms. Moore, signed by one or more jurors.  I will respond as soon as possible, either in writing or orally in open court.  Remember that you should not tell anyone — including me — how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.   The verdict, whether guilty or not guilty, must be unanimous.

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 46 of 57

Nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

Finally, the verdict forms are simply the written notices of the decisions that you reach in this case. You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise my clerk, Ms. Moore, that you are ready to return to the courtroom.

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 3.12 (2014) (as modified).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-00291-CR-W-GAF** |
| | ) | |
| **ANDRE TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

### COUNT ONE

We, the jury, find the Defendant, ANDRE TAYLOR, _____
(guilty/not guilty)
of the crime of conspiracy to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana or five kilograms or more of cocaine, as charged under Count One of the Second Superseding Indictment.

_____                    _____
DATE                                                              FOREPERSON

If you unanimously find Defendant Andre Taylor guilty of the above crime, have your foreperson write "guilty" in the above blank space, and place an "X" in the appropriate space or spaces below for the controlled substance you unanimously find Defendant Andre Taylor conspired to distribute. Then, have your foreperson sign and date this verdict form.

_____ 1000 or more kilograms of marijuana
_____ 5 or more kilograms of cocaine

_____                    _____
DATE                                                              FOREPERSON

48

If you unanimously find Defendant Andre Taylor not guilty of the above charge, have your foreperson write "not guilty" in the above blank space. You then must consider whether Defendant Andre Taylor is guilty of conspiracy to distribute the alleged controlled substances in other amounts on the following verdict form.

If you are unable to reach a unanimous decision on the above charge, leave the space blank and decide whether Defendant Andre Taylor is guilty of conspiracy to distribute the alleged controlled substances in other amounts on the following verdict form.

<u>LESSER-INCLUDED OFFENSES WITHIN COUNT ONE</u>

We, the jury, find the Defendant, ANDRE TAYLOR, _____
(guilty/not guilty)
of the conspiracy to distribute marijuana and/or cocaine, in the following amounts as lesser- included offenses within Count One of the Second Superseding Indictment.

If you unanimously find Defendant Andre Taylor guilty of the above lesser-included offense, have your foreperson write "guilty" in the above blank space and place an "X" in the appropriate space or spaces below for the amount of a controlled substance you unanimously find Defendant Andre Taylor conspired to distribute. If you do not find that Defendant Andre Taylor conspired to distribute any amount of one of the listed controlled substances, leave the spaces for that substance blank. Then, have your foreperson sign and date this verdict form.

If you unanimously find Defendant Andre Taylor not guilty of the crime of conspiracy to distribute any amount of any of the listed controlled substances, have your foreperson write "not guilty" in the above blank space and sign and date this verdict form.

_____ At least 100 kilograms, but less than 1000 kilograms, of marijuana
_____ Less than 100 kilograms of marijuana
_____ Some amount of cocaine

_____          _____
DATE                                                              FOREPERSON

49

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.02 and 11.03 (2014) (as modified).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 50 of 57

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-00291-CR-W-GAF** |
| | ) | |
| **VICTOR VICKERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

### COUNT ONE

We, the jury, find the Defendant, VICTOR VICKERS, _____

(guilty/not guilty)

of the crime of conspiracy to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana or five kilograms or more of cocaine, as charged under Count One of the Second Superseding Indictment.

_____         _____

        DATE                                         FOREPERSON

If you unanimously find Defendant Victor Vickers guilty of the above crime, have your foreperson write "guilty" in the above blank space, and place an "X" in the appropriate space or spaces below for the controlled substance you unanimously find Defendant Victor Vickers conspired to distribute. Then, have your foreperson sign and date this verdict form.

_____ 1000 or more kilograms of marijuana
_____ 5 or more kilograms of cocaine

_____         _____

        DATE                                         FOREPERSON

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 51 of 57

If you unanimously find Defendant Victor Vickers not guilty of the above charge, have your foreperson write "not guilty" in the above blank space. You then must consider whether Defendant Victor Vickers is guilty of conspiracy to distribute the alleged controlled substances in other amounts on the following verdict form.

If you are unable to reach a unanimous decision on the above charge, leave the space blank and decide whether Defendant Victor Vickers is guilty of conspiracy to distribute the alleged controlled substances in other amounts on the following verdict form.

### LESSER-INCLUDED OFFENSES WITHIN COUNT ONE

We, the jury, find the Defendant, VICTOR VICKERS, _____
                                                                                    (guilty/not guilty)
of the conspiracy to distribute marijuana and/or cocaine, in the following amounts as lesser- included offenses within Count One of the Second Superseding Indictment.

If you unanimously find Defendant Victor Vickers guilty of the above lesser-included offense, have your foreperson write "guilty" in the above blank space and place an "X" in the appropriate space or spaces below for the amount of a controlled substance you unanimously find Defendant Victor Vickers conspired to distribute. If you do not find that Defendant Victor Vickers conspired to distribute any amount of one of the listed controlled substances, leave the spaces for that substance blank. Then, have your foreperson sign and date this verdict form.

If you unanimously find Defendant Victor Vickers not guilty of the crime of conspiracy to distribute any amount of any of the listed controlled substances, have your foreperson write "not guilty" in the above blank space and sign and date this verdict form.

_____ At least 100 kilograms, but less than 1000 kilograms, of marijuana
_____ Less than 100 kilograms of marijuana
_____ Some amount of cocaine

_____            _____
            DATE                                                        FOREPERSON

52

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.02 and 11.03 (2014) (as modified).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 53 of 57

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 12-00291-CR-W-GAF** |
| | ) | |
| ANDRE TAYLOR, | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

### COUNT FIVE

We, the jury, find the Defendant, ANDRE TAYLOR, _____
                                                            (guilty/not guilty)
of   the   crime   of   aiding and abetting in the distribution of cocaine on January 5, 2012,   as

charged   under   Count Five of the Second Superseding Indictment.


_____                    _____
              DATE                                          FOREPERSON


SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.01 (2014) (as modified).

54

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 12-00291-CR-W-GAF** |
| | ) | |
| ANDRE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

### COUNT EIGHT

We, the jury, find the Defendant, ANDRE TAYLOR, _____

                                                           (guilty/not guilty)

of the crime of conspiracy to commit murder for hire, as charged under Count Eight of the

Second Superseding Indictment.


_____         _____

           DATE                                        FOREPERSON


SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.01 (2014) (as modified).

Case 4:12-cr-00291-GAF   Document 481   Filed 09/08/14   Page 55 of 57

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-00291-CR-W-GAF |
| | ) | |
| ERIC UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**VERDICT FORM**

<u>COUNT EIGHT</u>

We, the jury, find the Defendant, ERIC UNION, _____ of the
                                                      (guilty/not guilty)
crime of conspiracy to commit murder for hire, as charged under Count Eight of the Second

Superseding Indictment.

_____         _____
            DATE                                                FOREPERSON

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.01 (2014) (as modified).

56

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-00291-CR-W-GAF** |
| | ) | |
| **ANDRE TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>VERDICT FORM</u>**

<u>COUNT NINE</u>

We, the jury, find the Defendant, ANDRE TAYLOR, _____
(guilty/not guilty)
of the crime of possession of a machine gun in furtherance of a crime of violence, as charged

under Count Nine of the Second Superseding Indictment..

_____          _____
DATE                                            FOREPERSON

SOURCE:  8th Cir. Model Crim. Jury Instr. No. 11.01 (2014) (as modified).

57